**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

URIAN RAMON STURGIS, SR.,

        Plaintiff,

v.

DEMARCO LLOYD, PATRICE KELLY, and
CHECKER/RALLY RESTAURANT,

        Defendants.
_____/

Case Number: 10-10101

HON. MARIANNE O. BATTANI

## **OPINION AND ORDER GRANTING MOTION TO REMAND CASE**

This matter is before the Court on Plaintiff Urian R. Sturgis, Sr.'s Motion to Remand Case (Doc. No. 4). The Court has reviewed the pleadings and finds oral argument will not aid in the resolution of this motion. See E. D. Mich. LR 7.1(e)(2). For the reasons that follow, the Court **GRANTS** the request to remand this matter.

**I. FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff filed suit in Wayne County Circuit Court against Defendant Demarco Lloyd, Patrice Kelly, and Checkers/Rally Restaurant on December 8, 2009. According to Checkers/Rally's Restaurant ("Checkers"), it was served on December 14, 2009. It removed this matter on January 11, 2010.

On January 19, 2010, Plaintiff filed a motion to remand this matter based on the untimeliness of Checker's notice of removal. Plaintiff disputes the date of service. See Pl.'s Ex. B. He claims that the December 9, 2009, summons and complaint were delivered on December 12, 2009.

## II. STANDARD OF REVIEW

A defendant may remove a case from state court to federal court in instances where the federal court is able to exercise original jurisdiction over the matter. 28 U.S.C. § 1441. Federal courts have original over primarily two types of cases: (1) those involving federal questions under 28 U.S.C. § 1331, and (2) those involving citizens of different states where the amount in controversy exceeds $75,000.00, exclusive of interests and costs pursuant to 28 U.S.C. § 1332(a).

The party seeking removal bears the burden of establishing federal jurisdiction. In reviewing a motion to remand, a court must be mindful of the scope of the federal jurisdictional statutes and the overriding constitutional limits to federal district court jurisdiction. Accordingly, a court construes removal statutes narrowly, resolving uncertainties in favor of remand. Her Majesty the Queen of Right of the Province of Ontario v. City of Detroit, 874 F.2d 332, 339 (6th Cir. 1989).

## III. ANALYSIS

### A. Timeliness

A notice of removal of a civil action "shall be filed within thirty days" after the defendant's receipt of the summons and complaint. 28 U.S.C. § 1446(b). Section 1447(c) requires a motion to remand based upon defects in the removal procedure to be filed within thirty days after the filing of the notice of removal. 28 U.S.C. § 1447(c)

Because Checkers was not served until December 14, 2009, it had 30 days from December 14, 1009, to remove this matter to federal court. See Brierly v. Alusuisse Flexible Packaging, Inc., 184 F.3d 527 (6th Cir. 1999) (noting that under the "removing defendant" rule, each "defendant has 30 days from the date of service [of the complaint

upon that defendant] to remove the case to federal district court"). Accordingly, even if another defendant were served earlier than the removing defendant and the thirty-day removal period has passed, the earlier served defendant may consent to a later-served defendant's notice of removal. Therefore, the removal comports with the statutory time restriction. Because the Supreme Court has held that courts have a continuing duty to examine their own jurisdiction, this Court addresses whether it has subject matter jurisdiction over this dispute. Insurance Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee, 456 U.S. 694, 702 (1982).

**B. Jurisdiction**

Encompassed in the duty to assess subject matter jurisdiction is the requirement to dismiss sua sponte an action over which a court lacks jurisdiction. Id.; Page v. City of Southfield, 45 F.3d 128, 131 (6th Cir. 1995) (noting that remand is appropriate where it appears that the court lacks subject matter jurisdiction). To avoid remand, "a defendant [must] demonstrate that a district court would have original jurisdiction over a civil action." Eastman v. Marine Mech. Corp., 438 F.3d 544, 549 (6th Cir. 2006). All doubts are resolved in favor of remand. Id.

The genesis of Checker's removal is its assertion that this Court has federal question subject matter jurisdiction because Plaintiff's discrimination claims arise under a federal civil rights statute. See 28 U.S.C. § 1331. The federal question must be "presented on the face of [Plaintiff's] properly pleaded complaint." Id. (quoting Loftis v. United Parcel Serv., Inc., 342 F.3d 509, 514 (6th Cir. 2003)). Because the plaintiff is "master of his complaint, the fact that a claim could be stated under federal law does not prevent him from stating it under state law only." Id. (citing Alexander v. Elec. Data Sys. Corp., 13 F.3d 940, 943 (6th Cir. 1994). [T]o justify removal to the federal court the controlling federal question must

3

appear directly and positively upon the complaint, and cannot be raised by vague inferences from its allegations, nor by judicial knowledge of what the finally controlling laws may be." Venner v. New York Cent. R. Co., 293 F. 373, 373 (6th Cir. 1923) (citation omitted).

Both federal and state law provide causes of action for a discrimination claim; see 42 U.S.C. §§ 2000(e) et seq.; MICH. COMP. LAWS § 37.2201 et seq.; however, Plaintiff does not cite either federal law or state law as the basis for his claim.[1] Although the Notice of Removal includes an attachment of a charge Plaintiff made with the EEOC, the complaint contains no allegation regarding the role that charge may play in his suit. Plaintiff is free to raise a federal discrimination claim only, a state discrimination claim only, or both claims. Here, after reviewing the complaint at the time of removal, the Court finds it contains no specific basis. Inasmuch as no federal claim is specified, the Court would have to infer from the attachment, which appears to be provided by Checkers, that the case arises under federal law. This Court declines to do so.

Plaintiff filed his complaint in state court. Nothing on the face of the Complaint makes clear that Plaintiff is asserting a federal cause of action. The Court will not decline to remand simply because Plaintiff may be able to bring a federal cause of action based on these facts. At this time, the Court cannot find that it has subject-matter jurisdiction in this case.

---

[1] Checkers also suggests that Plaintiff is making a claim for mail tampering under 18 U.S.C. § 1702. In his complaint, Plaintiff does assert a claim of mail tampering/fraud, but his allegations do not reference the federal criminal code. Plaintiff alleges that he sent letters to Checkers and found them laying around when they should have been returned to him. He alleges that his complaint about this resulted in a reduction in his working hours. He further claims his privacy has been violated and a criminal investigation should be initiated.

Accordingly, the Court **REMANDS** this matter to Wayne County Circuit Court.

## IV. CONCLUSION

The motion is **GRANTED**. This matter is **REMANDED** to Wayne County Circuit Court.

**IT IS SO ORDERED.**

          s/Marianne O. Battani
          MARIANNE O. BATTANI
          UNITED STATES DISTRICT JUDGE

Dated: March 19, 2010


## CERTIFICATE OF SERVICE

Copies of this Order were mailed to Plaintiff and counsel of record on this date by ordinary mail and/or electronic filing.

          s/Bernadette M. Thebolt
          Case Manager